Mary Ann STEFANSKI, and all persons
similarly situated, Plaintiffs,

v.

MAINWAY BUDGET PLAN, INC. and
Eastern Underwriters, Inc., Defendants.

Civ. No. 70–1730.

United States District Court,
S. D. Florida.

March 31, 1971.

Rehearing Denied April 23, 1971.

Irvine C. Spear Law Offices, Miami Beach, Fla., for plaintiffs.

Preddy, Haddad, Kutner & Hardy, P. A., Miami, Fla., for defendants.

## ORDER OF DISMISSAL

MEHRTENS, District Judge.

Mary Ann Stefanski, plaintiff here and alleged representative of a class of persons similarly situated, sues defendants, Mainway Budget Plan, Inc. and Eastern Underwriters, Inc., for alleged violations of the United States Consumer Credit Protection Act, 15 U.S.C.A. § 1601 et seq. (hereafter known as the "Act") and Regulation Z, 12 C.F.R. 226 et seq., promulgated by the Federal Reserve Board pursuant to the "Act". Stefanski, who seeks to bring this suit under the class action provisions of Fed.R. Civ.P. 23, demands judgment against both defendants and damages to the extent provided by the "Act".

Stefanski alleges that on April 18, 1970, she sought out defendant Eastern Underwriters, Inc. for the purpose of purchasing automobile liability insurance for a private purpose. She alleges that Eastern Underwriters, Inc. arranged with Mainway Budget Plan, Inc. for the extension of consumer credit for the purchase of the insurance policy, credit which was granted, but that neither defendant disclosed to her the information required to be disclosed by the "Act" and Regulation Z, and that defendants are jointly liable for the damages as set forth in the "Act".[1] She further alleges that the only disclosure made to her by either defendant is found in the "Insurance Premium Service Agreement" which was attached to the Complaint, and is incorporated in this opinion by reference, and that this agreement on its face fails to comply with the "Act" and with Regulation Z in that there is no disclosure of the following specific items: (1) cash price; (2) cash down payment; (3) unpaid cash balance; (4) all other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge; (5) unpaid balance; (6) prepaid finance charge; (7) amount financed; (8) total amount of the finance charge; and (9) deferred payment price. (15 U.S.C.A. § 1638 and Regulation Z § 226.8(c) Credit Sales) Defendants have moved to dismiss the complaint on the grounds, *inter alia*, that the plaintiffs have failed to allege a "credit sale", but instead have alleged a "loan" and thus are not entitled as a matter of law to recovery.

It appears that the question presented at this time is whether the transaction between Stefanski and the defendants is a "credit sale" or a "loan", for upon these findings of fact does the question of liability of defendants rest. If the above transaction is, in fact, a "credit sale", then defendants may be liable to plaintiff based on the information not disclosed in the agreement made between them. (15 U.S.C.A. § 1638 and Regulation Z § 226.8(c) Credit sales). If the transaction is found to be, in fact, a "loan", then defendants will prevail as a matter of law since both the statutory requirements (15 U.S.C.A. § 1639) and Regulation Z § 226.8(d) (Loans and other nonsale credit) provide for different

---

1. If one defendant is liable in this case, then both are liable, for Regulation Z § 226.6(d) requires disclosures to be made by the seller "if he extends or arranges for the extension of credit", further defined in Regulation Z § 226.2(f) which states that providing or offering to provide "consumer credit which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit receives or will receive a fee, compensation, or other consideration for such service or has knowledge of the credit terms and participates in the preparation of the contract documents required in connection with the extension of credit * * *" is arranging for the extension of credit.

disclosures, and those required disclosures are provided in this agreement between the parties.

This Court is convinced that the agreement between these parties is a "loan" as a matter of fact and law. While this Court is aware that it must pass on questions of fact and law in a view most favorable to the plaintiffs on defendants' motion to dismiss, it nonetheless appears that what these parties agreed to was a loan of money, the money to be used in the purchase of automobile insurance for the plaintiff. This finding is based on the following:

(a) What plaintiff received was neither "property or service purchased" as required to make this transaction a "credit sale" (15 U.S.C.A. § 1638(a) (1) and Regulation Z § 226.8(c) (1)). All that plaintiff received was a loan of money to be used as the premium payment for her purchase of an insurance policy;

(b) The agreement between the parties, which is titled "Premium finance agreement", appears to be basically the standard form utilized by companies regulated by the State of Florida, through the Commissioner of Insurance, for matters relating to insurance coverage and as provided for in Florida Statutes Annotated § 627.0990 et seq. (Premium Finance Companies). As defined in Florida Statute Annotated § 627.0991, a Premium finance agreement is a

> " * * * promissory note or other written agreement by which an insured promises or agrees to pay to, or to the order of, a premium finance company the amount advanced or to be advanced under the agreement to an insurer or to an insurance agent, in payment of premiums on an insurance contract, together with a service charge as authorized and limited by law."

From this it seems an inescapable conclusion that this transaction was a loan by Mainway Budget Plan, Inc. to plaintiff for the purposes of paying her insurance premium to Eastern Underwriters, Inc. This conclusion is further supported by the appearance of Eastern Underwriters, Inc. by name as Agent for Mainway Budget Plan, Inc. on the agreement itself.

Having determined that the agreement between the parties was a loan, this Court must next resolve the question of whether the defendants have disclosed the necessary required information for transactions deemed loans. To this question, the Court notes the following required disclosures as against those actually made on the agreement between the parties:

(a) the date on which the finance charge begins to accrue if different from the date of the transaction. (Regulation Z § 226.8(b) (1)) This is stated on the agreement as "Inception- 4/18/70".

(b) the "annual percentage rate" (15 U.S.C.A. § 1638(a) (7) and Regulation Z § 226.8(b) (2)) Here, the "annual percentage rate" is clearly stated to be 12.04%.

(c) the number, amount and due dates or periods of payments scheduled to repay the indebtedness and the sums of such payments using the term, "total of payments". (15 U.S.C.A. § 1638(a) (8) and Regulation Z § 226.8(b) (3)) The agreement clearly reflects that six (6) monthly payments of $24.76 per payment have been agreed to between the parties, and that the total of payments is $148.56.

(d) the amount, or method of computing the amount of any default, delinquency, or similar charges payable in the event of late payments. (15 U.S.C.A. § 1638(a) (9) and Regulation Z § 226.8(b) (4)) The agreement here states that when default occurs then the entire balance shall be immediately due and payable.

(e) a description of the security interest held on the credit extended. (15 U.S.C.A. § 1638(a) (10) and Regulation Z § 226.8(b) (5)) There is no security interest here, this being an unsecured promissory note.

(f) a description of any penalty charge that may be imposed. (Regulation Z § 226.8(b) (6)) There is no penalty charge provision in this agreement. As to the effect of a prepayment of the balance, the contract provides that "[u]nder the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge". It is thus clear that no penalty charge is assessed, but only credit in behalf of the plaintiff in the form of a partial refund.

■ (g) identification of the method of computing * * * refund to the customer. (Regulation Z § 226.8(b) (7)) The agreement clearly states that "[r]efunds under this contract will be computed by the method prescribed by the regulatory authority of the state of jurisdiction." Since this requirement deals with *refunds* to the customer rather than the *charges or costs* for the loan, this Court finds this method of identification is sufficient to meet the purposes of such disclosure as laid down by the Federal Reserve Board.

(h) the amount financed, the sum which will be paid * * * to another person on behalf of the customer. (15 U.S.C.A. § 1639(a) (1) and Regulation Z § 226.8(d) (1)) Here, the agreement clearly states that the "amount financed" is $132.60.

(i) "finance charge" being the total amount of the finance charge. (15 U.S.C.A. § 1639(a) (4) and Regulation Z § 226.8(d) (3)) This is indicated on the agreement as $15.96.

All other specific requirements are found to be not applicable, and pursuant to Regulation Z § 226.8(d), need not be included.

■ Having found that the agreement between these parties is a loan rather than a credit sale and that the agreement between the parties includes all the disclosures required by law and/or regulation, it is therefore

Ordered and adjudged that defendants' *motion to dismiss for failure to state a claim upon which relief may be* granted be and the same hereby is granted, and the complaint is dismissed with prejudice, with each side to bear its own costs.

## ORDER DENYING PETITION FOR REHEARING

MEHRTENS, District Judge.

Mary Ann Stefanski petitions this Court for a rehearing on defendants' motion to dismiss plaintiffs' complaint and to set aside this Court's order of March 30, 1971. In support of her motion, she argues that this Court erred in both its findings of fact and findings of law regarding the Insurance Premium Service Agreement executed between herself and the defendants which this Court determined to be a loan rather than a credit sale and thus, based on the disclosures made in the agreement, was not violative of the Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq. and Regulation Z, 12 C.F.R. 226 of the Federal Reserve Board. Defendants in a reply memorandum in opposition to the petition for re-hearing, argues that this Court was correct in its rulings, with the exception of joint liability of the two defendants as provided for in Regulation Z § 226.6(d).

This Court finds nothing in plaintiffs' petition which justifies or commands the granting of the petition. Plaintiffs' naked assertion that the "purchase of an insurance policy is the purchase of a service" is unsupported by any legal authority. This Court, in its prior order, found the agreement to be a loan of money to be used in the purchase of automobile insurance. Plaintiffs would argue that what was agreed to was not a loan of money but a purchase of a service, that service being the insurance policy. As suggested in the prior order, plaintiffs are attempting to trigger the provisions of Regulation Z § 226.8(c) (1), which requires certain disclosures regarding agreements in which "property or service[s are] purchased". This Court found a loan of money as a finding of fact. It thus followed that the Court

142

found also a loan of money as a finding of law as it related to Regulation Z § 226.8(c) and (d). ·Plaintiffs have failed to demonstrate to this Court that its findings were in error.

██ This Court is aware of a letter from Frederic Solomon, Director, Federal Reserve Board, dated January 5, 1970, in which it was stated:

"* * * an insurance agent is 'selling' insurance * * * consumer credit for premium financing * * * is making [of] a credit sale under § 226.2(n) [¶3510] and disclosures under § 226.8(b) [¶3566] and (c) [¶3567] would be required * * *."

CCH Consumer Credit Guide, ¶30,257 While such correspondence releases by the Federal Reserve Board are persuasive to this Court, they are not binding authority as to questions of interpretations of federal law. This Court does not agree with that interpretation because (1) it cannot determine whether the agreement interpreted in that letter was identical, or even similar, to the agreement executed and sued upon in this matter and (2) the letter does not provide any·information as to state law which may or may not affect the factual determination of the status of the agreement. The agreement here contained provisions as required by Florida Statutes § 627.0990 et seq., F.S.A. That statute calls the agreement a promissory note. This Court interprets promissory note as a form of agreement used in perfecting a loan. Plaintiff cites no authority to the contrary.

██ Plaintiffs further argue that this agreement constituted consumer credit, as defined in Regulation Z § 226.-2(k). This Court agrees with plaintiffs. This agreement constituted an extension of consumer credit. That does not make the agreement a credit sale which thus requires certain disclosures admittedly not present in this agreement. Plaintiffs fail to closely read Regulation Z, wherein § 226.2(k) it states:

"Consumer credit means credit offered or extended to a natural person, in which the *money*, property, or service which is the subject of the transaction is primarily for personal, family, * * * purposes * * *" (emphasis added)

From this reading, this Court concludes that Regulation Z 226.8(c) disclosures are to be used in *credit sales of property or service*, while Regulation Z 226.8(d) disclosures are to be used in *loans of money*. This seems to be the clear intent of Congress, 15 U.S.C.A. §§ 1638 and 1639, and the intent of the Federal Reserve Board, 12 C.F.R. § 226.8(c) and (d).

██ Finally, plaintiffs argue that if this agreement is in fact a loan, then the loan is usurious under Florida Statutes. This argument presents no question to this Court, which refuses to determine the validity of this agreement in light of a state usury law. Therefore, it is

Ordered and adjudged that plaintiffs' petition for re-hearing on defendants' motion to dismiss and to set aside the order of dismissal is denied.