Mary Ann STEFANSKI et al., Plaintiffs-Appellants,

v.

MAINWAY BUDGET PLAN, INC., and Eastern Underwriters, Inc., Defendants-Appellees.

No. 71-2009.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1972.

L. Joseph Hoffman, Miami, Irvine C. Spear, Miami Beach, Fla., for plaintiffs-appellants.

Gilbert A. Haddad, Preddy, Haddad, Kutner & Hardy, Samuel O. Hoffman, Miami, Fla., for defendants-appellees.

F. E. Steinmeyer, III, Tallahassee, Fla., for Fla. Premium Finance Assoc., Inc., amicus curiae.

Richard A. Whiting, Washington, D. C., amicus curiae.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This case involves a claim brought under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. The lower court, 326 F. Supp. 138, entered an order dismissing

the action for failure to state a claim upon which relief can be granted. We hold that the allegations in the plaintiff's complaint are sufficient to withstand a motion to dismiss for failure to state a cause of action.

Appellant Mary Ann Stefanski brought this class action against Eastern Underwriters, Inc. (hereafter Eastern) and Mainway Budget Plan, Inc. (hereafter Mainway). Eastern is a Florida insurance company which sold to the appellant an automobile insurance policy. Mainway Budget Plan, Inc., financed the policy premium.

In her complaint, appellant alleged that Eastern "arranged" with Mainway Budget Plan, Inc., for the extension of consumer credit to her for the purchase of the policy and, thus, that the transaction was a "credit sale" within the meaning of the Truth-in-Lending Act. She alleged that Eastern and Mainway failed to make the disclosures required by the Act, for a "credit sale" and, accordingly, that they were jointly liable for the damages prescribed by the Act.

The defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. The district court granted the motion holding that the transaction engaged in between Stefanski and the two companies was a sale of an insurance policy followed by an independent loan of the premium amount. The court held that since Mainway concededly complied with the disclosure requirements of the Act for consumer loans, the complaint stated no cause of action under the Act.

■ In testing the sufficiency of the allegations in a complaint against a motion to dismiss pursuant to F.R.Civ.P. 12(b) (6), the district court must apply the rule stated in Byrd v. Bates, 5 Cir. 1955, 220 F.2d 480, 482:

> [A] complaint is not subject to dismissal [for failure to state a claim] unless it appears to a certainty that *the plaintiff cannot possibly be entitled to relief under any set of facts which could be proven in support of*

*its allegations.* Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted. (Emphasis added).

See also Robertson v. Johnston, 5 Cir. 1967, 376 F.2d 43; Black v. First National Bank of Mobile, 5 Cir. 1958, 255 F.2d 373, 375; 2A J. Moore, Federal Practice, 2274 (2nd ed.). Applying this test, it is evident that the complaint was improperly dismissed.

■ The district court dismissed the complaint on the theory that no "credit sale" had occurred. The court held that as a matter of law the transaction between the three parties was a sale of an insurance policy followed by an independent "loan" of the premium. This ruling was one that could not properly be made on the basis of the bare pleadings. The statutory definition of a credit sale is broad. The Truth-in-Lending Act defines a "credit sale" as "any sale with respect to which credit is extended or arranged by the seller". 15 U.S.C. § 1602(g). In the plain language of the statute, the seller need not actually extend the credit in order for a credit sale to occur. In some circumstances, a credit sale may exist where the seller merely "arranges" for the extension of credit.

In view of this definition, this court can conceive of facts which could be proven in support of Stefanski's allegations which would qualify this transaction as an arrangement of credit by the seller within the meaning of the statute. Stefanski might, for example, have attempted to prove that there is a substantial overlap in the ownership of Mainway and Eastern, or that Eastern permits its customers to finance their premiums only through Mainway, or that Mainway rebates a substantial proportion of its profit on the financing transactions to Eastern. While we need not specify the precise facts which Stefanski must prove, it is evident that proof of some combination of facts such as this

could require classification of the transaction as a credit sale.

Stefanski is, of course, asserting a highly technical violation of the Truth-in-Lending Act. Mainway appears to have attempted in good faith to comply with the Act by making the disclosures required for a consumer loan. However, Stefanski asserts that the transaction was really a credit sale and, thus, that slightly different disclosures should have been made. Even if, on remand, this transaction is determined to be a credit sale (and we intimate no views on that question), a substantial question would remain of whether Congress intended for the statutory penalties to apply in a case such as this. Similarly, there would be a substantial issue of whether the appellees have, as they claim, substantially complied with the disclosure requirements for a "credit sale". We express no views on any of these questions. Our holding is simply that this action cannot be dismissed on the bare pleadings. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.