MANUFACTURING IMPROVEMENT CORPORATION *vs.*
GEORGIA PACIFIC CORPORATION & others, trustees.

Middlesex.    May 5, 1972. — July 31, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Equity Pleading and Practice*, Bill, Declaratory proceeding, Amendment.    *Corporation*, Corporate entity.

A demurrer to a bill seeking a declaration of rights and liabilities under a contract employing the plaintiff as a sales agent for a business whose assets and liabilities were subsequently acquired by a corporation described in the bill as a wholly owned subsidiary of the defendant was properly sustained where, although it was alleged that the defendant had paid the plaintiff commissions for two years, the bill failed to disclose that there was an actual controversy, or that the corporation was not a separate entity from the defendant, or that there was any legal relationship which would entitle the plaintiff to recover from the defendant.  [400–401]
Where no abuse of a trial judge's discretion was shown, there was no error in denial of a motion for leave to amend a bill seeking declaratory relief.  [401]

BILL IN EQUITY filed in the Superior Court on April 28, 1965.

A demurrer to the bill was heard by *Fairhurst*, J.   A motion to amend the bill was heard by *Chmielinski*, J.

*Robert Glass* for the plaintiff.

*Allan van Gestel* (*Allen C. Horsley* with him) for Georgia Pacific Corporation.

REARDON, J.   The plaintiff brought this bill under G. L. c. 231A in 1965 against the Georgia Pacific Corporation (Georgia Pacific), the Georgia Pacific Paper Co. (Paper Co.), a wholly owned subsidiary of Georgia Pacific, and Dewey and Almy Chemical Company (Dewey and Almy), "as they are trustees of monies of . . . Georgia Pacific . . . on a certain sales contract." The plaintiff sought a binding declaration of the rights and liabilities under a contract employing it as a sales agent.   A demurrer by Georgia Pacific was sustained in

September, 1966, by interlocutory decree. In January, 1969, the plaintiff filed a motion for leave to file an amended bill. This motion was denied, after hearing, on February 21, 1969. A final decree dismissing the bill was entered on May 18, 1971, from which the plaintiff appeals.[1]

We summarize the allegations of the bill. On or about August 8, 1953, the plaintiff entered into a contract with the Crossett Chemical Co. (Crossett), an Arkansas corporation no longer in existence. Crossett agreed to pay to the plaintiff a commission of five per cent on the invoice price of all sales of dried sulphate soap skimmings (skimmings) which the plaintiff was "able to develop." The contract was entered into with the specific expectation of both parties that the plaintiff would "develop" a sales contract between Crossett and Dewey and Almy. As consideration for entering into this contract, the plaintiff at the request of Crossett cancelled a contract which the plaintiff had entered into on June 25, 1953, with Dewey and Almy whereby the plaintiff agreed to sell, and Dewey and Almy agreed to buy, Dewey and Almy's entire requirements of skimmings. On September 14, 1953, the plaintiff "did negotiate and develop" a similar contract between Crossett and Dewey and Almy. In July, 1962, Paper Co. acquired more than ninety-nine per cent of the stock of Crossett. On July 30, 1962, Crossett was dissolved and its assets were transferred to Paper Co., subject to all of Crossett's liabilities. Crossett, until its dissolution in July, 1962, paid to the plaintiff five per cent of the invoice price of all sales made to Dewey and Almy. From July, 1962, to September, 1964, Georgia Pacific paid to the plaintiff five per cent of the invoice price of all sales made to Dewey and Almy by Georgia Pacific. Since September, 1964, Georgia Pacific has refused to pay the commissions although it is continuing to sell skimmings to Dewey and Almy. The

---

[1] Counsel who argued the appeal for the plaintiff in this court was not the plaintiff's counsel in the Superior Court.

bill concludes with the allegation that an "actual controversy" has arisen between the parties.

It does not appear from the record that either Paper Co. or Dewey and Almy demurred to or answered the plaintiff's bill. The plaintiff in its brief states that Dewey and Almy was "merely a formal . . . [defendant] trustee in the court below," and that the interests of Georgia Pacific and Paper Co. "appear to be identical." In this posture we need not consider whether the final decree dismissing the bill as against the defendants Paper Co. and Dewey and Almy was proper. The only question argued to us is the correctness of the interlocutory decree sustaining Georgia Pacific's demurrer. This question is properly before us upon the appeal from the final decree. G. L. c. 214, § 27. *Brown* v. *Neelon*, 335 Mass. 357, 359.

1. In our view the allegations of the bill are too vague and uncertain to comply with the requirement of G. L. c. 231A, § 1, that an "actual controversy" be "specifically set forth in the pleadings." "It is an elementary rule of equity pleading that the bill must contain a clear and exact statement of all the material facts upon which the plaintiff's right to relief sought depends in order that the defendant may answer fully and fairly and know what he will be called upon to meet. . . . 'Averments of crucial facts in a pleading should be clear, direct and unequivocal.' " *Brown* v. *Neelon, supra*, 361.

The bill in the instant case discloses that Paper Co., Georgia Pacific's subsidiary, acquired all of Crossett's assets subject to Crossett's liabilities. It further appears from the bill that until September, 1964, Georgia Pacific paid the five per cent commissions to the plaintiff on sales to Dewey and Almy. Since Paper Co. incurred Crossett's liabilities, it is not clear why Georgia Pacific paid these commissions. In any event, the bill fails to allege with sufficient clarity any "legal relation, status or right" (*School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge*, 320 Mass. 516, 518) which would enable the plaintiff to recover from Georgia

Pacific. The plaintiff has not argued to us, and we cannot discern from the bill, that this case presents a departure from the ordinary situation where subsidiary or other affiliated corporations are treated as separate corporate entities. See *My Bread Baking Co.* v. *Cumberland Farms, Inc.* 353 Mass. 614, 618; Henn, Law of Corporations (2d ed.) § 148. The demurrer was properly sustained.

2. If on any interpretation the bill could be construed as presenting a proper case for declaration of rights under G. L. c. 231A the plaintiff has forfeited its right to such relief. The plaintiff's motion for leave to file an amended bill of complaint was denied. The plaintiff now asks that that action be reversed. The refusal to grant leave to amend was within the discretion of the judge, and no abuse of discretion has been shown. *Leventhal* v. *Dockser*, 358 Mass. 799, and cases cited. This is particularly true in the light of the plaintiff's desultory prosecution of this matter.

*Decree affirmed.*