EMMA W. COBURN *vs.* ELEANOR R. GOULD & another. December 15, 1975. In the plaintiff's brief on appeal from the judgment of the Superior Court dismissing her bill in equity, she does not question the propriety of the interlocutory decree sustaining both defendants' demurrers, but attacks only the subsequent order denying her motion to amend the bill. Even if it be assumed, as asserted by the plaintiff, that the denial of her motion was based on an implied ruling that the allegations in the proffered amendment were insufficient to entitle her to relief (but see *Sullivan* v. *Farr,* 2 Mass. App. Ct. 815 [1974]), rather

than an exercise of discretion (see *Manufacturing Improvement Corp.*
*v. Georgia Pac. Corp.* 362 Mass. 398, 401 [1972]), that ruling is not
shown to have been erroneous. As the motion was denied long before
July 1, 1974, and as no further motion to amend was filed thereafter
(though the judgment was not entered until October 31 of that year),
the sufficiency of the allegations in the proffered amendment is to be
tested by the law as it existed before the effective date of the Massa-
chusetts Rules of Civil Procedure. See Mass.R.Civ.P. 1A, subpars. 1
and 3, 365 Mass. 731 (1974); *Harrison v. Textron, Inc.* 367 Mass. 540,
557 (1975). The purported allegations that the defendants violated
various provisions of G. L. c. 140C (as inserted by St. 1969, c. 517,
§ 1), the Truth-in-Lending Act, are apparently grounded on the prem-
ise that any lender of money is a "creditor" within the meaning of
the act, whereas that term as used in the act is expressly confined to
"a person who *in the ordinary course of business regularly* extends or
arranges for the extension of consumer credit, or offers to extend or
arrange for the extension of such credit" (emphasis supplied). G. L.
c. 140C, § 1(l). There is no allegation that either defendant falls within
that definition (an inference to that effect may not properly be drawn
from the name of the corporate defendant), and hence, no sufficient
allegation that the actions complained of were in violation of the act.
Compare *McKinney v. Liberty Mut. Ins. Co.* 1 Mass. App. Ct. 569
(1973). The omission is not cured by the allegation that each defendant
acted "as the lender or creditor as defined in various sections of the
General Laws," for that allegation is at most an unsubstantiated gen-
eralization (compare *Moskow v. Boston Redevelopment Authy.* 349
Mass. 553, 563-564 [1965], cert. den. 382 U. S. 983 [1966] and *Wein-
rebe v. Coffman,* 358 Mass. 247, 252 [1970]) or conclusion of law (com-
pare *Crall v. Leominster,* 362 Mass. 95, 106 [1972]). Only two other
allegations are sufficiently argued in the plaintiff's brief to require con-
sideration. See *Moskow v. Boston Redevelopment Authy., supra,* at
568, and cases cited. One of them, that the individual defendant "de-
manded payments at a greater rate of interest than one percent after
default in violation of G. L. c. 140, § 90A," omits, other than by con-
clusion of law (see *Crall v. Leominster, supra*), any averment that the
mortgaged land securing the loan had "an assessed value of not over
twenty-five thousand dollars" (G. L. c. 140, § 90A, as amended through
St. 1962, c. 286) or that the supposedly excessive interest rate applied
to any "period after the expiration of six successive months of con-
tinuing default" (*ibid.*), and therefore alleges no violation of that stat-
ute. The remaining allegation, that the corporate defendant "failed to
comply with the requirements of G. L. c. 184, § 17B [as amended
through St. 1970, c. 313] in regard to statements contained on the
mortgage application," is far too conclusory and vague to inform that
defendant of what it would be called upon to meet. See *Moskow v.
Boston Redevelopment Authy., supra,* at 564; *Weinrebe v. Coffman,
supra; Leventhal v. Dockser,* 358 Mass. 799 (1970); *Greenberg v. As-
sessors of Cambridge,* 360 Mass. 418, 420-421 (1971), and cases cited;
*Manufacturing Improvement Corp. v. Georgia Pac. Corp., supra.*

*Judgment affirmed.*

*Douglas A. Randall* for the plaintiff.
*Edward B. Ginn* for Financial Enterprises Corp.
*William N. Wheeler* for Eleanor R. Gould.