Edward WILLIAMS,
Plaintiff-Appellant,

v.

UNITED CREDIT PLAN OF
CHALMETTE, INC., et al.,
Defendants-Appellees.

No. 74–4114
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Patrick D. Breeden, Sherman F. Raphael, New Orleans, La., for plaintiff-appellant.

Roland C. Kizer, Jr., Baton Rouge, La., Ralph D. Dwyer, Jr., Samuel S. Dalton, New Orleans, La., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Edward Williams appeals from the district court's dismissal of his action against United Credit Plan of Chalmette, Inc. (United) for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). The transaction out of which this lawsuit arose occurred on September 6, 1972, when Williams contracted with Mark Sackett to have his home repaired and remodeled. Sackett then arranged to have United extend credit to Williams to finance the job. On the same day, Williams entered into a loan with United, securing the contract with a mortgage on Williams' home.

In his complaint filed September 5, 1973, Williams sought damages from United and Sackett and rescission of his contractual obligations to United. This latter relief was expressly based upon the Consumer Credit Protection Act (Truth-in-Lending) and Regulation Z. 15 U.S.C. § 1601 et seq.; 12 C.F.R. § 226.1 et seq. Plaintiff alleged the date the loan was executed, the parties involved and the fact that an unpaid subcontractor was threatening to take legal action against him. He did not specifically complain of a failure to disclose any certain item or term of the loan and no pertinent sections of the Act or Regulation Z were cited in the pleading.

The court heard oral arguments on defendant's motion to dismiss. At that time, Williams indicated that the disclosure statement furnished him by United failed to disclose certain statutory liens that arose as a result of the contracting agreement with Sackett. After taking the motion under advisement, the trial judge issued an opinion ordering dismissal. The court reasoned that, as a matter of law, a lender has no Truth-in-Lending duty to warn a borrower of the possible consequences that may result from dealings with other parties. Plaintiff moved the court to reconsider its judgment and allow plaintiff to amend his complaint by alleging new grounds constituting Truth-in-Lending violations. Stating that it was too late to raise new claims of defects in the disclosure statement, the court denied both parts of the motion.

In this court plaintiff argues that the trial court erred in dismissing his complaint for failure to state a claim and refusing to allow him to amend after dismissal was ordered. Finding the dismissal improper, we need not reach the question of the propriety of the court's refusal to permit post-dismissal amendments in this case. Cf. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Before a court may dismiss a claim under Rule 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Neither "notice pleading" requirements (Fed.R.Civ.P. 8(a)(2)) nor the standards which govern dismissals under Rule 12(b)(6) require a claimant to set out in detail the facts upon which he bases his claim. Pretrial procedures such as summary judgment (Fed.R.Civ.P. 56) and the motion for a more definite statement (Fed.R.Civ.P. 12(e)) are the appropriate devices to narrow the issues and disclose the boundaries of the claim and defense.

In *Stefanski v. Mainway Budget Plan, Inc.* 456 F.2d 211 (5th Cir. 1972), this court applied the liberal *Conley* test to a complaint seeking damages under Truth-in-Lending. Plaintiff in that case merely alleged that one of the two defendants named in her complaint arranged for the extension of credit, while the

other defendant financed the sale. Citing the Truth-in-Lending Act, plaintiff requested damages for failure to make the required disclosures for a "credit sale." The district court characterized the transaction set forth in the complaint as a sale followed by an independent loan and ordered dismissal under 12(b)(6) on the basis that no "credit sale" occurred. On appeal, we reversed and held that plaintiff was entitled to an opportunity to present facts to support her theory of an arrangement of a credit sale.

This case does not differ significantly in fact or law from *Stefanski*. Although Williams did not use either the term "arranger" or "credit sale" in his complaint, it is not difficult to conceive of facts that could lend support to his barebones pleadings and possibly entitle him to damages and/or rescission. In his appellate brief, plaintiff asks for the opportunity to establish that Sackett, as an arranger of credit, is considered a creditor under the Act (12 C.F.R. § 226.-2(f) ); that the disclosure statement furnished by United is properly classified as a joint disclosure by multiple creditors (12 C.F.R. § 226.6(d) ); and that the statement unlawfully failed to disclose certain liens that arose out of the contracting agreement with Sackett (12 C.F.R. §§ 226.8(b)(5), 226.2(z) ). Under the Federal Rules, plaintiff is entitled to develop these phases of his case if he can. The complaint was sufficient to withstand a motion to dismiss for failure to state a cause of action.

Williams also requests that attorney fees be awarded for this appeal, citing 15 U.S.C. § 1640(a). The statute provides for attorney fees in "the case of any successful action to enforce the foregoing liability." The latter phrase refers to the statutory damages granted to a plaintiff who proves his case of nondisclosure on the merits. At this stage of the proceedings, an award of attorney fees is not authorized by the Act.

Reversed.