**Linda Ann BAXTER, Appellant,**

v.

**SPARKS OLDSMOBILE, INC. and Ted Privette, Appellees.**

**No. 77–1733.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1978.

Decided July 12, 1978.

Wesley B. Grant, Concord, N. C., counsel on brief for appellant.

W. Erwin Spainhour, Concord, N. C., counsel on brief for appellees.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Linda Ann Baxter, brought suit in the United States District Court seeking damages for alleged violations of the disclosure provisions of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.[1] The Court granted defendant-appellee's motion for summary judgment, concluding that no binding contract for the extension of credit had been consummated by the parties, thereby finding the transaction to be outside the coverage of the Act. We agree that the Truth in Lending Act has no application to the transaction involved in this case.

When a retailer arranges credit for his purchaser through a third party, the transaction of sale becomes a "credit transaction" and the retailer becomes a "creditor" subject to the terms of the Truth in Lending Act. *Stefanski v. Mainway Budget Plan, Inc.,* 456 F.2d 211 (5 Cir. 1972). In the instant case appellant signed an "order" for the purchase of an automobile she had chosen from appellee's lot. This document contained the following language:

" . . . IN THE EVENT OF A TIME SALE, DEALER SHALL NOT BE OBLIGATED TO SELL UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON SUCH TERMS."

It is clear from this language and from the record as a whole that the parties contemplated that credit would be arranged through a third party by further action of appellee.

If the arrangements for the extension of credit had been completed there could be little question relating to the applicability of the Act. However, the transaction for extension of credit had not been completed at the time appellant expressed dissatisfaction with her prospective purchase. Consequently, negotiations failed and credit was never finally extended. The condition precedent contained in the "order" form requiring approval of an appropriate financier indicates that further action was necessary to consummate the extension of credit. *Philbeck v. Timmer's Chevrolet, Inc.,* 361 F.Supp. 1255, 1257 n. 1 (NDGa. 1973). Appellee was obligated to make the proper disclosures prior to the extension of credit, but the Truth in Lending Act does not impose penalty until credit is in fact extended.

Accordingly, the judgment of the District Court is affirmed.

Affirmed.

---

1. The District Court declined to exercise its pendant jurisdiction over the warranty claim raised under State law. Consequently, this State claim was dismissed without prejudice.