Janet M. MANNING, on behalf of herself and all others similarly situated, Appellant in Nos. 75–1908 and 75–1909, and Appellee in No. 75–1910,

v.

PRINCETON CONSUMER DISCOUNT COMPANY, INC., on behalf of itself and others similarly situated, Appellee in Nos. 75–1908 and 75–1909.

Appeal of SPRINGFIELD DODGE, INC., on behalf of itself and others similarly situated, Appellant in No. 75–1910.

Nos. 75–1908 to 75–1910.

United States Court of Appeals, Third Circuit.

Argued Feb. 3, 1976.

Decided March 22, 1976.

As Amended April 21, 1976.

Robert J. Hobbs, National Consumer Law Center, Inc., Boston, Mass., amicus curiae for appellant, Janet M. Manning; Blank, Rome, Klaus & Comisky, Philadelphia, Pa., of counsel.

David A. Scholl, Delaware County Legal Assistance Ass'n, Inc., Chester, Pa., for Janet M. Manning, etc.

John B. Brumbelow, Alan C. Gershenson, Philadelphia, Pa., for Princeton Consumer Discount Co., Inc.

John J. Robinson, Upper Darby, Pa., for Springfield Dodge, Inc., etc.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Truth In Lending Act is intended to provide sufficient data to the consumer so that he can make informed judgments on credit transactions. This appeal is concerned with interpretation of the Act and administrative regulations in connection with the purchase of an automobile. We conclude that an automobile dealer has the statutory duty to disclose credit terms when he receives a commission for referring a customer to the financing agency which advances the necessary funds.

Plaintiff, Mrs. Janet Manning, agreed to purchase a used car from defendant Springfield Dodge, Inc. on March 2, 1974. Springfield's credit manager obtained the necessary information for financing from the plaintiff, and arranged for a $1,191.00 loan from defendant Princeton Consumer Discount Company. Prior to this incident, Mrs. Manning had never transacted any business with Princeton, but on occasion Springfield had directed customers to the loan company, receiving a commission in return.

On March 11, 1974, after informing Mrs. Manning that all the preparations had been made, Springfield arranged to have its employee drive Mrs. Manning to Princeton's office. There she signed a number of documents and received a check in the amount

of $1,191.00 payable to her and to Springfield Dodge. She then returned to the automobile dealer, endorsed the check and took possession of the car.

Princeton made the consumer loan disclosures to the plaintiff required by § 129 of the Truth In Lending Act, 15 U.S.C. § 1639, including, *inter alia:* the amount of credit; the charges; the finance charge, expressed in dollars and annual percentage rate; the default provisions; and the security interest acquired by the lender. However, neither Springfield nor Princeton made the "credit sale" disclosures listed in § 128, 15 U.S.C. § 1638. This section requires disclosure of matters identical to those in § 129 and, in addition, specifies several others.

Asserting a violation of the Truth In Lending Act, plaintiff filed suit in the district court seeking the statutory penalty, attorneys' fees, and injunctive relief for a class which she sought to represent. For purposes of injunctive relief, plaintiff was certified as "the representative of all those who had been, or will be, denied their rights under 15 U.S.C. § 1638 by defendant Springfield Dodge." Her request for certification of the defendants as representatives of all creditors who participated in transactions in which the seller arranged credit, but in which only § 129 disclosures were made, was denied because of failure of proof.

After an exchange of interrogatories and answers, the plaintiff and Princeton moved for summary judgment. The district court found that Princeton, as lender, was not required to make any further disclosures, but that Springfield, as seller, was liable to the plaintiff for failure to comply with § 128. The court entered judgment in the amount of $1,000.00 together with a counsel fee of $1,980.00 in favor of the plaintiff and against Springfield. On appeal, plaintiff renews her contention that the seller Springfield and lender Princeton had joint and several obligations to make the credit sale disclosures, and that the defendants should have represented a class.

■ Plaintiff's motion to certify Springfield as a class representative was denied because she failed to substantiate her allegation that there is an industry-wide practice of treating credit sales as if they were loan transactions. Nor did she establish the number of sellers whose conduct was the same as defendants. We find no error in the district court's conclusion that the plaintiff did not present adequate evidence to supply the "numerosity" and "typicality" requirements of Fed.R.Civ.P. 23.

■ The district court found that, on the undisputed facts, the transaction was a "credit sale" as defined by the Truth In Lending Act. We agree.

Section 103, 15 U.S.C. § 1602, defines a "credit sale" as one in "which credit is extended or arranged by the seller." Regulation Z of the Federal Reserve Board [1] interprets "arranging credit" as follows:

" 'Arrange for the extension of credit' means to provide or offer to provide consumer credit which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit receives or will receive a fee, compensation, or other consideration for such service or has knowledge of the credit terms and participates in the preparation of the contract documents required in connection with the extension of credit. . . ." 12 C.F.R. § 226.2(f).

Although it admits receiving a commission from Princeton as a result of the Manning loan, Springfield interprets the regulation to apply only if the seller has participated in the preparation of the contract documents in addition to accepting a fee. Concededly, the regulation is not a model of clarity; but we accept the district court's view that the interpretation Springfield urges is strained and unconvincing. If the seller either accepts a fee or participates in the preparation of contract documents for extension of credit with knowledge of its terms, then he arranges credit. *See Starks*

---

**1.** The Act empowers the Federal Reserve Board to promulgate appropriate regulations for carrying out the statutory purpose. 15 U.S.C. § 1604.

*v. Orleans Motor, Inc.,* 372 F.Supp. 928 (E.D.La.1974), *aff'd,* 500 F.2d 1182 (5th Cir. 1975).

■ Since this was a credit sale, both Springfield and Princeton are "creditors" under the terms of the Act. However, whether both or only one of them is responsible for making the statutory disclosures is not specified in the statute. While § 121, 15 U.S.C. § 1631, says that each creditor shall disclose to each person the information required, the Board has not considered that section as being applicable to the multiple creditor transaction. Practical considerations lead to the conclusion that needless duplication of information extended to consumers is neither necessary to the Act's purpose nor justifiable in terms of expense. To clarify the situation, the Board promulgated a regulation, 12 C.F.R. § 226.6(d), which provides:

"(d) *Multiple creditors; joint disclosure.* If there is more than one creditor in a transaction, each creditor shall be clearly identified and shall be responsible for making only those disclosures required by this part which are within his knowledge and the purview of his relationship with the customer.

If two or more creditors make a joint disclosure, each creditor shall be clearly identified.

The disclosures required under paragraphs (b) and (c) of § 226.8 shall be made by the seller if he extends or arranges for the extension of credit.

Otherwise disclosures shall be made as required under paragraphs (b) and (d) of § 226.8."

We note that subparagraph (b) of Regulation § 226.8 lists those items common to the disclosures required by §§ 128 and 129 of the Act. Subparagraph (c) of that regulation applies to the items applicable only by reason of the Act's § 128 (credit sales), and subparagraph (d) of the regulation to those pertaining to § 129 of the Act (consumer loans).

The omissions of which plaintiff complains are those found in the regulation subparagraph (c): the cash price of the car, the amount of down payment, and the unpaid balance of the cash price.[2] She argues that since both Princeton and Springfield were creditors and the statute requires "each creditor" to furnish the specified information, both had to disclose. The district court reasoned that the multiple creditor regulation was not intended to result in duplicate notification, and that the seller was responsible for making the disclosures. We do not find this conclusion to be erroneous.

The regulation requires that if the seller extends or arranges credit, as occurred here, then it must make the disclosures required under (b) and (c) of Regulation § 226.8. As we observed earlier, those two subsections track § 128 of the Act. By transposition, the regulation states that the disclosures required by the Act's § 128 for credit sales shall be made by the seller when he extends or arranges for the extension of credit.

The concluding sentence of 12 C.F.R. § 226.6(d) reads: "Otherwise disclosures shall be made as required under paragraphs (b) and (d) of § 226.8." The language is far from clear, but we interpret the last sentence to mean that "otherwise" applies when the seller does not extend or arrange for credit. In that instance the lender or other creditor must make the disclosures of Regulation paragraphs (b) and (d) pertaining to credit loans under Act § 129.

In short, we hold that if the transaction is one in which the seller arranges credit, the obligation of disclosure is placed upon him by the third sentence of Regulation § 226.6(d). In that factual situation the specific direction of the third sentence prevails over the general language limiting the scope of disclosure to items within the creditor's knowledge and the purview of his relationship with the customer.

**2.** We note also that the plaintiff did not receive information about the commission which Springfield received from Princeton. *See* Truth

In Lending § 106, 15 U.S.C. § 1605(a), and 12 C.F.R. § 226.4(a).

If the seller is divorced from the credit arrangement, then the lender must supply the information which pertains only to the amount of money being received and its cost, without reference to the underlying sales transaction.[3] Because the burden of full disclosure was placed upon the seller, it is our view that if additional and duplicative disclosure had been intended, the regulation would have set that forth with equal explicitness.

The plaintiff's position that both seller and lender must supply the same information appears to be based on a "fail-safe" theory, i. e., it is unlikely that both would be remiss and, hence, it is more likely that the consumer would receive the information. But Congress evidently thought that in the single creditor situation the sanctions it provided were adequate to assure compliance. We see no reason why the same reasoning does not apply in a transaction in which one of two creditors has been singled out as the one required to meet the statutory mandate. Nor can we believe that the Act's purpose of providing the consumer with adequate information is better served by giving him two sheets of paper, rather than one, when both contain exactly the same data.[4] It is interesting that the plaintiff's interpretation which requires more copies than needed smacks more of bu-

reaucracy than the regulation of the government agency involved.

The trial court properly entered judgment in favor of Princeton.

Defendant Springfield contends that the district court erred in awarding counsel fees because:

1. the plaintiff was represented by a public law firm;

2. the violation was of a very technical nature; and

3. the fees allowed were excessive.

■ A creditor who fails to provide any information required to be disclosed to the consumer is liable "for a reasonable attorney's fee." 15 U.S.C. § 1640(a). The Act does not make the award contingent upon the plaintiff's obligation to pay her attorney or whether a fee in fact was charged. We agree with the Court of Appeals for the Fifth Circuit that, in the absence of express limitation in the Act, a fee may be awarded to a legal services office. *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975).

■ Although it is extremely unlikely that the purchaser was not aware of the undisclosed terms, i. e., selling price, down payment and balance, we cannot say that the district court erred in imposing the penalty and attorneys' fees under the circumstances here. *Cf. Stefanski v. Mainway*

---

3. The conclusion we have reached is consistent with an advisory letter dated June 4, 1970 written by Frederic Solomon, Director of Consumer and Saver Affairs of the Federal Reserve Board. CCH Consumer Credit Guide, ¶ 30,399.

  We think that since a credit sale is involved here, rather than a revolving credit plan, the letter by Mr. Solomon of April 28, 1972, CCH Credit ¶ 30,841, is not applicable.

4. Plaintiff calls attention to several "conduit" cases in which more than one creditor was found to be liable for disclosures. However, each is distinguishable.

  *Kriger v. European Health Spa, Inc.*, 363 F.Supp. 334 (E.D.Wis.1973), held that both the Spa and its assignee, First Wisconsin National Bank, fell within the Act's definition of "creditor" and that each was liable for disclosures. The court, however, did not discuss § 226.6(d) as it applies to a multiple creditor situation.

  The same comment is true of *Philbeck v. Timmers Chevrolet, Inc.*, 361 F.Supp. 1255 (N.D.Ga.1973), *rev'd on other grounds*, 499

F.2d 971 (5th Cir. 1974). Since the court of appeals found that the disclosures were adequate, contrary to the district court's view, there was no occasion to discuss which creditor had the duty to disclose.

  *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955 (N.D.Ill.1972), did not consider the effect of § 226.6(d).

  In the matter of Virginia Mortgage, Inc., opinion of February 10, 1976, docket 9007, FTC, was concerned with a loan brokerage arrangement rather than with a seller who arranges credit, hence the first, rather than third, sentence of Regulation § 226.6(d) would apply. It is interesting that while in that case duplicate disclosure was required in the absence of a joint statement, the FTC said, "Given two statements, however, similar or identical to the casual eye and each purporting to describe the same loan, even the most devoted comparison shopper may reasonably conclude that life is too short to study them both."

*Budget Plan, Inc.,* 326 F.Supp. 138 (S.D.Fla. 1971), *rev'd on other grounds,* 456 F.2d 211 (5th Cir. 1972). The record reveals that a similar non-disclosure suit had been filed against Springfield some three years earlier. While that case was still unresolved at the time of this incident, the defendant had more than the usual notice of the provisions of the Act. Moreover, there had not been a disclosure of the commission arrangement between the seller and the lender. The commission aspect obviously affected the total cost of credit. *See Zeltzer v. Carte Blanche Corporation,* 514 F.2d 1156, 1164 (3d Cir. 1975). Accordingly, we deem this disclosure omission significant.

■ The defendant objects to the amount of the fee, but the record on this phase of the case is deficient. On June 12, 1975, the plaintiff filed a petition containing the number of hours counsel had spent on the case and a request for compensation at the rate of $60.00 per hour, totalling $2,990.00. On June 27, 1975, the court heard argument on the petition and entered an order setting the fee at $1,980.00.

The defendant now contends that it was not given the opportunity to inquire into the number of hours actually required or the basis for the hourly rate. The difficulty with this contention is that there is no transcript of the hearing, and the defendant did not record its objections in the district court, either by answering the petition or during the hearing. Accordingly, there is no record presented to us for review.

The judgment of the district court will be affirmed.