Memorandum. Judgment affirmed without costs.
In this action for goods sold and delivered, defendant counterclaimed for damages based upon the Truth-in-Lending Act (US Code, tit 15, § 1601 et seq.; see, also, 12 CFR Part 226) and articles 10 and 10A of the Personal Property Law. The dismissal of plaintiffs complaint and the award of damages to defendant were entirely proper. The failure to date the contract was a violation of both the Federal and State statutes entitling defendant to a recovery of twice the finance charge (see US Code, tit 15, § 1638, subd [a], par [8]; 12 CFR 226.8 [b] [1], [3]; Personal Property Law, § 402, subd 1). Moreover, the failure to give defendant notice of her right of cancellation warranted an award of $100 and reasonable attorney’s fee (Personal Property Law, §§ 428; 429, subd [3]), even though the counterclaim failed to demand that relief specifically (CPLR 3017, subd [a]). The award of attorney’s fees to a publicly funded legal service office was proper under the circumstances (Jones v Seldon’s Furniture Warehouse, 357 F Supp 886; Doggett v Ritter Finance Co. of Louisa, 384 F Supp 150, 158).
Concur: Schwartzwald, P. J., Rinaldi and O’Connor, JJ.