James **HAYER** and Estelle Hayer, Appellants,

v.

**NATIONAL BANK OF ALASKA, an Alaskan Corporation, Appellee.**

No. 4709.

Supreme Court of Alaska.

Nov. 14, 1980.

---

Paul Canarsky, James Q. Mery and Craig J. Tillery, Alaska Legal Services Corp., Fairbanks, for appellants.

No appearance for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

MATTHEWS, Justice.

In this appeal, in which appellee did not appear, James and Estelle Hayer attack the trial court's failure to award them costs, attorney's fees and prejudgment interest.

1. Civil Rule 82(a)(1) provides:
(a) *Allowance to Prevailing Party as Costs.*
(1) *Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:*

We conclude that they were entitled to these items and remand for an adjustment of the trial court's award.

In May of 1977 the Hayers entered into a consumer credit agreement with the National Bank of Alaska. The bank lent the Hayers $2,300.00 for home improvements, which the Hayers agreed to repay over a three year period, in addition to interest and other charges. They subsequently defaulted and in June, 1978, the bank sued them for $2,359.86 plus accrued interest, costs and attorney's fees.

In their answer the Hayers generally denied all allegations and alleged numerous violations by the bank of the federal Truth–in–Lending Act, 15 U.S.C. §§ 1601–65, and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226, issued to implement the Act. The bank moved for summary judgment, conceding for the purposes of the motion that a truth–in–lending violation had occurred and contending that the Hayers were entitled to a setoff for one but not both obligors. In their opposition, the Hayers admitted the amount claimed by the bank and took issue only with the bank's contention that the Hayers were entitled to a setoff for only one obligor. The superior court ruled in favor of the Hayers, finding that their debt to the bank was offset by two statutory penalties totaling $1,849.20.

In entering final judgment, however, the court awarded prejudgment interest to the bank on its entire claim, without the Hayers' offset. It also determined that the bank, because of its net recovery, was the prevailing party in the action, and awarded the bank costs and attorney's fees under Alaska Rule of Civil Procedure 82(a)(1).[1] The court did not award costs and attorney's fees to the Hayers.

ATTORNEY'S FEES IN AVERAGE CASES

|  |  | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the

A. Prejudgment Interest.

■ We find that the trial court abused its discretion in awarding prejudgment interest on the bank's entire claim, rather than its net recovery. Our opinion in *National Bank of Alaska v. J.B.L. & K. of Alaska, Inc.*, 546 P.2d 579, 590–91 (Alaska 1976), clearly implies that prejudgment interest should be awarded on successful counterclaims except in very unusual cases. While the Hayers' Truth–in–Lending claims were asserted as setoffs, rather than counterclaims, we believe that *J.B.L. & K.* requires that setoffs also be considered in assessing prejudgment interest except in unusual cases. Since we find nothing in this case which warrants ignoring the Hayers' setoff, the bank is only entitled to receive prejudgment interest on its net recovery, which is to be calculated by subtracting from the gross amount due the bank the sum of $1,849.20 plus interest thereon at the statutory rate from the time the Hayers' cause of action accrued–the date of their loan agreement.[2]

B. Costs and Attorney's Fees.

■ 15 U.S.C. § 1640(a)(3) provides that a creditor violating the Truth–in–Lending Act is liable "in the case of any successful action to enforce [rights under the act for] the costs of the action, together with a reasonable attorney's fee as determined by the court." This clause has been interpreted as providing for a mandatory award of attorney's fees where the debtor prevails under the Act. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 261 n.34, 95 S.Ct. 1612, 1623 n.34, 44 L.Ed.2d 141, 155 n.34 (1975); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 415–16, 54 L.Ed.2d 648, 653 (1978); *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73 (5th Cir. 1977); *Manning v. Princeton Consumer Discount, Inc.*, 533 F.2d 102, 106 (3rd Cir. 1976). Congress has required the award of attorney's fees to

encourage vindication of Truth–in–Lending Act rights and effect broad compliance with the Act by private rather than governmental action. *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d at 77; *Ratner v. Chemical Bank New York Trust Co.*, 329 F.Supp. 270, 280 (S.D.N.Y.1971). The requirement is, of course, applicable to state court proceedings. *See Ferdinand v. City of Fairbanks*, 599 P.2d 122 (Alaska 1979).

■ It might be argued that the rationale behind such an award of attorney's fees is inapplicable where the debtor is the defendant instead of the plaintiff and asserts the Truth–in–Lending violation as a setoff to a suit on the underlying debt. We see no reason to make such a distinction. At least one case holds that attorney's fees are to be awarded where the debtor prevails on a counterclaim, *Robert Levitan & Sons, Inc. v. Francis*, 88 Misc.2d 125, 387 N.Y.S.2d 35 (1976), and we can see no significant difference between a setoff and a counterclaim in this context. Because of the Hayers' assertion of their Truth–in–Lending Act claim, the appellee, a large state–wide bank, has been alerted to its non–compliance with the federal act and will presumably take steps to ensure future compliance. The congressional policy of enforcement through private litigation will thus have been furthered by assertion of the Hayers' claim. We believe therefore that the court should have awarded them a reasonable attorney's fee.

■ The Hayers also argue that Alaska Rule of Civil Procedure 82, under which partial attorney's fees are awarded to the prevailing party as a matter of course, is in derogation of the Act and therefore should not have been utilized. We do not agree. The Truth–in–Lending Act provides that if a debtor raises a claim under the Act, as a partial defense, the debtor may be awarded a reasonable attorney's fee for successful assertion of that claim. However, success

court as a part of the costs of the action, in its discretion, in a reasonable amount.

**2.** *See, e. g., Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir.), *cert. denied*, 414 U.S. 874, 94

S.Ct. 161, 38 L.Ed.2d 114 (1973); *Chevalier v. Baird Savings Ass'n*, 371 F.Supp. 1282, 1284 (E.D.Pa.1974).

on one claim does not necessarily make the debtor the prevailing party in the entire action, and need not preclude the court from awarding offsetting attorney's fees to the prevailing party under Alaska Rule of Civil Procedure 82. The congressional policy of encouraging private claims under the Truth–in–Lending Act would not be thwarted by such an award.

The Hayers' final contention is that the trial court should have found them, rather than the appellee, to be the prevailing party. The determination of which party has prevailed is a matter committed to the broad discretion of the trial court. *Owen Jones & Sons, Inc. v. C.R. Lewis Co.*, 497 P.2d 312, 314 (Alaska 1972). *See also, Alaska Placer Co. v. Lee*, 553 P.2d 54, 63 (Alaska 1976). However, we do not reach the question of whether the court abused its discretion in this case since it is apparent that the court, in making its determination, relied solely on the fact that appellee received an affirmative recovery. *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964), does contain language which supports the trial court's approach. However, we made clear in *Owen Jones & Sons, Inc.*, 497 P.2d at 313–14 that "it is not an immutable rule that the party who obtains an affirmative recovery must be considered the prevailing party." *See also Alaska Placer Co.*, 553 P.2d at 63. Thus, the court erred in regarding this as inevitably determinative.

REVERSED AND REMANDED for a redetermination of interest, costs and attorney's fees consistent with this opinion.

BOOCHEVER, J., not participating.