**James HAYER and Estelle Hayer, Appellants,**

v.

**NATIONAL BANK OF ALASKA, an Alaskan Corporation, Appellee.**

**No. 6613.**

Supreme Court of Alaska.

April 22, 1983.

---

Alan J. Hooper, Alaska Legal Services Corp., Fairbanks, for appellants.

Peter J. Aschenbrenner, Fairbanks, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and TUNLEY,* Superior Court Judge.

RABINOWITZ, Justice.

One of the issues before us when this case was first appealed involved attorney's fee awards under the federal Truth-in-Lending Act.[1] In regard to this issue we said in part:

> 15 U.S.C. § 1640(a)(3) provides that a creditor violating the Truth-in-Lending Act is liable "in the case of any successful action to enforce [rights under the act for] the costs of the action, together with a reasonable attorney's fee as determined by the court." This clause has been interpreted as providing for a mandatory award of attorney's fees where the debtor prevails under the Act. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 261 n. 34, 95 S.Ct. 1612, 1623 n. 34, 44 L.Ed.2d 141, 155 n. 34 (1975); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 415–16, 98 S.Ct. 694 [697–98], 54 L.Ed.2d 648, 653 (1978); *McGowan v. Credit Center of North Jackson, Inc.,* 546 F.2d 73 (5th Cir.1977); *Manning v. Princeton Consumer Discount, Inc.,* 533 F.2d 102, 106 (3rd Cir.1976). Congress has required the award of attorney's fees to encourage vindication of Truth-in-Lending Act rights and effect broad compliance with the Act by private rather than governmental action. *McGowan v. Credit Center of North Jackson, Inc.,* 546 F.2d at 77; *Ratner v. Chemical Bank New York Trust Co.,* 329 F.Supp. 270, 280 (S.D.N.Y.1971). The requirement is, of course, applicable to state court proceedings. *See Ferdinand v. City of Fairbanks,* 599 P.2d 122 (Alaska 1979).[2]

In the first *Hayer* appeal we held that the superior court erred in not awarding the Hayers a reasonable attorney's fee in connection with their Truth-in-Lending claim.[3]

Upon remand the superior court awarded the Hayers $420.39 as attorney's fees under

---

* Tunley, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. 15 U.S.C. § 1640(a)(3).

2. *Hayer v. National Bank of Alaska,* 619 P.2d 474, 476 (Alaska 1980).

3. *Id.* 619 P.2d at 476. In so holding we stated in part:

> Because of the Hayers' assertion of their Truth-in-Lending Act claim, the appellee, a large state-wide bank, has been alerted to its non-compliance with the federal act and will presumably take steps to ensure future compliance. The congressional policy of enforcement through private litigation will thus have been furthered by assertion of the Hayers' claim. We believe therefore that the court

the Truth-in-Lending Act. 15 U.S.C. § 1640(a)(3). In its memorandum decision the superior court indicated in part that it reached its attorney's fee award in the following manner:

> In the absence of any factors warranting an unusually large fee award in this case, this court will be guided by Civil Rule 82, which suggests a measure of reasonable attorney's fees in typical cases.
>
> . . . .
>
> This attorney's fee award is determined by applying the "without trial" criteria of Rule 82(a)(1) to defendants' gross award of $2,135.90 (i.e., the gross recovery of $1,849.20 plus $286.70 pre-judgment interest).

In this appeal, the Hayers argue that the superior court erred as a matter of law by applying Civil Rule 82 standards in determining a reasonable attorney's fee under the Truth-in-Lending Act. The Hayers further contend that under the proper standards applicable to 15 U.S.C. § 1640(a)(3), the award of $420.39 was an abuse of discretion.[4] We agree with the Hayers, and thus conclude that the matter must be re-

manded for redetermination of attorney's fees.

The Hayers correctly argue that the superior court's use of Civil Rule 82 to determine a fee award under the Truth-in-Lending Act was in direct contravention of *Ferdinand v. City of Fairbanks,* 599 P.2d 122 (Alaska 1979). In *Ferdinand* we held that it was error for the trial court to use state Civil Rule 82 guidelines in ascertaining an appropriate fee award under 42 U.S.C. § 1988. Our decision was based on the different purposes advanced by Civil Rule 82 and the federal statute. While Civil Rule 82 was intended as a vehicle for " 'providing compensation where it is justified,' " 42 U.S.C. § 1988 was designed to " 'encourage meritorious claims which might not otherwise be brought.' " We further stated that the discretion of the trial court was "narrowly limited" when awarding attorney's fees under a federal statute, and that such an award would be reviewed in light of federal case law.[5]

We conclude that it was error for the superior court to have based its fee calculation upon Civil Rule 82 criteria.[6] In *Hayer v. National Bank of Alaska,* 619 P.2d 474, 476 (Alaska 1980), in ordering a re-

---

should have awarded them a reasonable attorney's fee.

4. This portion of the Truth-in-Lending Act provides that plaintiffs under the statute will receive:

> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

5. In this regard we said in full:

> This is the correct approach to be applied in determining an award of attorney's fees under Rule 82(a) of the Alaska Rules of Civil Procedure. It is not, however, applicable to fee awards under the federal act. We analyzed the essential distinctions between these attorney fee provisions in our recent opinion in *Tobeluk v. Lind,* 589 P.2d 873 (Alaska 1979), where we held that the federal act applies to civil rights actions in state court:
>
> > Despite the ... similarities, the two fee award provisions are based on dissimilar underlying policies. The purpose of Rule 82 is to partially compensate a prevailing party for

the expenses incurred in winning his case. It is not intended as a vehicle for accomplishing anything other than providing compensation where it is justified. In comparison, the explicit purpose of the fee shifting provision in the federal statute, 42 U.S.C. § 1988, is to encourage meritorious claims which might not otherwise be brought.

> *Tobeluk v. Lind,* 589 P.2d at 876 (citations and footnotes omitted). While the award of attorney's fees under both the Alaska Rule and the federal statute remains within the trial court's discretion, that discretion is narrowly limited when attorney's fees are awarded pursuant to the federal act, and will be reviewed on appeal in light of federal rather than Alaska law.

> *Ferdinand v. City of Fairbanks,* 599 P.2d 122, 125 (Alaska 1979) (footnotes omitted).

6. Civil Rule 82(a)(1) provides in part that:

> Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein:

mand we noted that the attorney's fee provision of 15 U.S.C. § 1640(a)(3) was intended "to encourage vindication of Truth-in-Lending Act rights and effect broad compliance with the Act by private rather than governmental action." In so stating, we cited the case of *McGowan v. Credit Center of North Jackson, Inc.,* 546 F.2d 73, 77 (5th Cir.1977), in which a reduction in the amount of a fee award sought by plaintiff was overturned because it was found inconsistent with the statutory "system of private attorneys general to aid in effective enforcement of the Act."[7] Given the dissimilar underlying policies between awards of attorney's fees under Civil Rule 82 and § 1640(a)(3) of the Truth-in-Lending Act, it was error for the trial court to resort to Rule 82 guidelines in determining its fee award under the federal act.

██ In litigation involving 42 U.S.C. § 1988 rights we have adopted the twelve

factors suggested in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), as appropriate standards for determination of a reasonable fee under the federal act. *See City & Borough of Sitka v. Swanner,* 649 P.2d 940, 946 (Alaska 1982); *Ferdinand v. City of Fairbanks,* 599 P.2d 122, 125 n. 9 (Alaska 1979).[8] The superior court on remand should apply the *Johnson* standards in assessing attorney's fees under this Truth-in-Lending Act litigation.[9]

REVERSED and REMANDED for further proceedings consistent with this opinion.[10]

CONNOR, J., not participating.

---

**ATTORNEY'S FEES IN AVERAGE CASES**

|  | . . . | Without Trial . . . |
|---|---|---|
| First $2,000 . . . | 20% | . . . |

**7.** The Hayers make a further point with respect to the peculiar design of the Truth-in-Lending Act that bears notice. 15 U.S.C. § 1640(a)(2)(A)(ii) limits the damages any individual plaintiff may receive under the Act to $1,000. Because of this ceiling, the Hayers correctly assert that it is inappropriate to base fee awards on a percentage of the judgment. Such a practice would be inconsistent with the policy of encouraging private enforcement of the Act. *See Welmaker v. W.T. Grant Co.,* 365 F.Supp. 531, 553–54 (N.D.Ga.1972) (holding that fees under the Act should not be measured as a percentage of the total judgment). We think that the damage award ceiling in the statute presents a stronger case than that seen in *Ferdinand* for not applying Rule 82 formulas to Truth-in-Lending Act fee awards.

**8.** The *Johnson* guidelines have been applied by various circuits to a number of federal statutes providing for a "reasonable" attorney's fee, including the Truth-in-Lending Act. *See Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327 (11th Cir.1982) (Privacy Act); *Kessler v. Associates Financial Services Co. of Hawaii, Inc.,* 639 F.2d 498 (9th Cir.1981) (Truth-in-Lending Act); *Francia v. White,* 594 F.2d 778 (10th Cir.1979) (Civil Rights Act); *Brown v. Bathke,* 588 F.2d 634 (8th Cir.1978) (Civil Rights Act); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) (Truth-in-Lending Act);

*King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978) (Civil Rights Act); *Finney v. Hutto,* 548 F.2d 740 (8th Cir.1977), *aff'd,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (Civil Rights Act); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (Labor Management Reporting and Disclosure Act). *Johnson* itself, which predates both the Truth-in-Lending Act and the Civil Rights Act, was decided under Title VII, 42 U.S.C. § 2000e et seq. In *McGowan v. Credit Center of North Jackson, Inc.,* 546 F.2d 73 (5th Cir.1976), the Fifth Circuit adopted *Johnson* for Truth-in-Lending Act cases, as well. *Compare* the "lodestar" analysis described in *Copeland v. Marshall,* 641 F.2d 880 (D.C. Cir.1980) (en banc).

**9.** The starting point in any analysis of the reasonable attorney's fee issue is the amount of time spent by counsel on the matter. The Hayers' attorney spent more than 37.3 hours on the case prior to the first appeal. Following remand counsel for the Hayers spent an additional 5 hours in this effort to obtain attorney's fees.

**10.** Inherent in this disposition is our rejection of each separate argument the Bank has advanced in support of the superior court's award of attorney's fees. Our study of these arguments has convinced us that, either alone or combined, they lack merit and do not afford a basis for sustaining the superior court's award.