**ALVARADO PARTNERS, L.P., on Behalf of Itself and All Others Similarly Situated, Plaintiff,**

v.

**Rajiv P. MEHTA, John A. Hoxmeier, James E. Brownhill, Robert A. Rademacher, Charles F. Smith, and 3CI Incorporated; and Hanifen Imhoff Inc., Individually and as Representative of a Defendant Class, Defendants.**

**HANIFEN, IMHOFF, INC., Third–Party Plaintiff,**

v.

**DELOITTE, HASKINS & SELLS, Third–Party Defendant.**

**CIV. A. No. 88–B–0781.**

United States District Court, D. Colorado.

May 14, 1990.

See also 723 F.Supp. 540.

Robert F. Hill, Hill & Robbins, P.C., Denver, Colo., Gary Bendinger, Giauque, Williams, Wilcox & Bendinger, Salt Lake City, Utah, Joseph B. Dischinger, Mosley, Wells, Johnson & Ruttum, P.C., Denver, Colo., for Deloitte, Haskins & Sells.

John E. Grasberger, Milberg Weiss Bershad, Specthrie & Lerach, San Diego, Cal., for plaintiff Alan Mansfield.

Jay S. Horowitz, Horowitz & Berrett, Denver, Colo., for plaintiff.

Miles C. Cortez, Jr., Cortez & Friedman, P.C., Denver, Colo., for Brownhill, Rademacher & Smith.

Ron Tucker, 3CI Inc., Fort Collins, Colo., for 3CI Inc.

H. Thomas Coghill, Coghill & Goodspeed, Denver, Colo., for Hanifen, Imhoff, Inc., and David J. Richman.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is Plaintiffs' Motion for Certification of a Defendant Underwriter Class. Briefs were submitted and oral argument was heard on Thursday, May 10 at 3:30 p.m. Because plaintiffs have shown that class certification is appropriate under Fed. R.Civ.Proc. 23(b)(3), I grant the motion.

Plaintiffs bring this action pursuant to Sections 11, 12(2) and 15 of the Securities Act of 1933 (Securities Act) [15 U.S.C. §§ 77k, 77*l*(2) & 77*o* ], Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b) & 78t(a) ], and Rule 10b–5 promulgated thereunder by the United States Securities and Exchange Commission. This multi-party securities violation class action is brought by purchasers of stock in 3CI Incorporated, a public corporation which designs, develops and markets computer software. Plaintiffs seek defendant class certification only as to plaintiffs' claims under Section 11 of the Securities Act.

On February 24, 1987, 3CI, seeking an infusion of capital into the company, filed a preliminary prospectus for the sale of additional shares to the public. Hanifen Imhoff, Inc. (Hanifen), a registered broker-dealer under the Exchange Act, acted as the managing underwriter by agreement among the underwriters. The preliminary prospectus allegedly contained false and misleading statements which operated to inflate artificially the price of the 3CI stock. Plaintiffs allege that sometime before March 18, 1987, thirty-four underwriters subscribed to and participated in the distribution of the public offering.

Plaintiffs brought this suit and now seek to certify and define a defendant class as "[a]ll underwriters who, pursuant to written agreement, participated in the registered public offering and sale of 3CI common stock on or about March 18, 1987."

According to plaintiffs, the thirty-four underwriters comprise the class.

■ To qualify for class certification under Fed.R.Civ.Proc. 23(b)(3), the plaintiffs must show that the prerequisites of Fed.R. Civ.Proc. 23(a) & (b)(3) are met.

(a) **Prerequisites to a Class Action.** One or more members of a class may sue *or be sued* as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

\* \* \* \* \* \*

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
\* \* \*

Fed.R.Civ.Proc. 23 (emphasis added). Class action certification is discretionary with the trial court judge. *Monarch Asphalt Sales Co. v. Wilshire Oil Co.,* 511 F.2d 1073, 1077 (10th Cir.1975).

In its brief, Hanifen concedes that questions of law and fact common to the class predominate over any questions affecting only individual members, that its claims and defenses to the Section 11 counts are typical of those of the class members, and that it has competence to fairly and adequately protect the interests of the class. Hanifen argues, however, that I should deny certification because (1) plaintiffs have failed to show that joinder is impractical, (2) the danger of the defendants opting out of the class means that a class action is not the superior method for resolving the

dispute and (3) the Tenth Circuit disfavors defendant class actions. At oral argument, Hanifen also asserted that because plaintiffs seek certification of a defendant class only as to their Section 11 claims but bring numerous other claims against Hanifen, irreconcilable conflicts arise to divide the class. I am not persuaded.

Apparently, one of the original thirty-four underwriters has recently entered Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York. It may be that, to recover from this underwriter, Plaintiffs will have to pursue any claims against it in the bankruptcy proceeding. *See* 11 U.S.C. § 362(a). I assume, for the purposes of this Order and defendant's numerosity objection, that there are thirty-three potential class members as opposed to the original thirty-four.

Although relatively small, certification of a thirty-three member defendant class is not necessarily inappropriate. The determination of whether joinder of the members is impractical turns on the facts of each case, not solely on the number of members. *See, e.g., Dale Elec., Inc. v. RCL Elec., Inc.,* 53 F.R.D. 531, 534 (D.N.H. 1971) (13 defendants); *see also Newberg on Class Actions* § 3.04 at 138 (1985) (*Newberg*). Considerations of the geographical dispersion of the defendants is also necessary. *See Newberg* § 3.04 at 138 & n. 52. Furthermore, the requirements of Rule 23(a)(1) are applied more liberally when certifying a defendant class than when certifying a plaintiff class. *See Newberg* § 4.55 at 394–95.

Hanifen cites *Monarch Asphalt Sales Co.,* 511 F.2d at 1077, for the proposition that plaintiffs have not met the numerosity requirement. In *Monarch,* the Tenth Circuit upheld the district court's exercise of discretion in denying plaintiffs' motion for defendant class certification. The Court of Appeals held that plaintiffs failed to meet two Rule 23(a) requirements: (1) thirty-seven potential members did not meet the numerosity requirement and (2) the defendant representative would not fairly and adequately protect the interests of the class.

However, although not explicitly discussed, apparently the defendants in *Monarch* were located in Oklahoma. Here, the thirty-three potential defendant class members are dispersed throughout the country. Thus, joinder is rendered much more difficult for all parties.

Hanifen argues that because it "is possible that underwriters in this case may opt out of a defendant class," requiring joinder would be an equal or superior method for resolving the disputes. Although Hanifen is correct that the underwriters may opt out of a Rule 23(b)(3) class, that does not prevent creation of the class. This speculative concern will not defeat a motion to certify a defendant class where, as here, all the requirements have been met. As Newberg stated:

As a general rule, defendant classes certified under Rule 23(b)(3) run the high risk that a substantial number of defendant class members will opt out to avoid individual liability. However, such a result is not necessarily so, and specific circumstances will operate to preclude this result. In fact, some circumstances will actually create incentives not to opt out of a defendant class. For example, a plaintiff who commences a defendant class against a group of underwriters of a new stock offering may also threaten and be able to commence litigation against each of the underwriters individually. Given the certainty of having to make a choice between remaining in a defendant class or defending individual litigation, the economics of a joint defense considerably outweigh those of defending an individual action, and defendant class members would have an incentive to remain in the class.

*Newberg* § 4.60 at 402–03 (footnote omitted); *see In re Gap Stores Securities Litigation,* 79 F.R.D. 283 (N.D.Cal.1978). Of course, should underwriters in fact opt out on such a scale that proceeding as a class is no longer prudent, I can decertify the class.

Hanifen contends that the Tenth Circuit disfavors defendant class certification. I find no basis for this assertion. Indeed, the Tenth Circuit has stated with regard to

class actions in the federal securities context that "in doubtful class actions certification of the class is to be favored." *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

Finally, Hanifen speculates that irreconcilable conflicts divide the class. As to liability, the class defendants would have common interests because, as underwriters, they would all be exonerated if (1) the registration statement is shown not to contain any material misrepresentations or (2) plaintiffs purchased the securities knowing of material misrepresentations. *In Re Gap Stores*, 79 F.R.D. at 302. Further, even if the defendant class establishes neither of these two defenses, a successful claim by Hanifen of its due diligence as managing underwriter likely will exonerate the participants as well. *Id.*

Nor does Hanifen's concern about litigation strategy differences attendant to plaintiffs' multiple claims preclude certification. Such strategy concerns relate more to the issue of damages than liability. Rule 23(e) requires a hearing and judicial approval of any settlement of class claims and the court retains supervisory power to protect the interests of the defendant class, including the power to decertify. *Id.* at 304. To the extent strategy differences may give rise to genuine class conflict, that conflict can be addressed in a Rule 23(e) hearing, or, if necessary, by separate proceeding to apportion damage. *Id.* Finally, "courts have generally declined to consider conflicts, particularly as they regard damages, sufficient to defeat class action status at the outset unless the conflict is apparent, imminent, and on an issue at the very heart of the suit." *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *see Newberg* § 3.25 at 204–05. Hanifen's specter of conflict falls short of such a showing.

I conclude that plaintiffs have satisfied all the requirements of Rule 23. On the showing made here, class certification is warranted. By the Agreement Among Underwriters, Hanifen was to act as the principal managing underwriter. The same is reflected in the Prospectus at page 34. As such, Hanifen is the logical representative of the class.

■ Remaining is the issue of who shall bear the costs of defendant class certification. Plaintiffs argue that they are under no legal obligation to shoulder the expenses. It is equitable, however, that the party moving for certification primarily for its own convenience should also assume the financial burden associated with so proceeding. Therefore, plaintiffs will be responsible for the costs of the defendant class certification.

ACCORDINGLY, IT IS ORDERED that:

1. This action shall be maintained as a defendant's class action for purposes of plaintiffs' claims under Section 11 of the Securities Act of 1933.

   (a) Defendant Hanifen, Imhoff Inc. is hereby certified as representative of a defendant class;

   (b) The defendant class shall consist of the underwriters who, pursuant to written agreement, participated in the March 18, 1987 public offering of 3CI Incorporated's common stock and who are not otherwise excludable from the class.

   (c) Plaintiffs and Hanifen shall submit proposed forms of order under Fed.R. Civ.Proc. 23(d);

2. The costs attendant defendant class certification shall be born by plaintiffs.