**Harold and Evangeline HURT, et al.**

v.

**PHILADELPHIA HOUSING AUTHORITY, et al.**

Civ. A. No. 91–4746.

United States District Court, E.D. Pennsylvania.

Oct. 21, 1993.

Herbert Monheit, Maryann Monheit, Michael Monheit, Law Offices of Herbert Monheit, Philadelphia, PA, Kenneth F. McCallion, Bernard Persky, James W. Johnson,

Arthur M. Neiss, Goodkind, Labaton, Rudoff & Sucharow, New York City, for plaintiffs.

Denise J. Baker, Philadelphia Housing Authority, Lois W. Davis, Asst. U.S. Atty., Noreen M. Walsh, Alan C. Kessler, Marguerite S. Walsh, Buchanan Ingersoll Professional Corp., Roxanne D. Galeota, Phila Housing Authority, Philadelphia, PA, Elaine Romberg, Felix Baxter, Dept. of Justice, Civil Div., Washington, DC, for Philadelphia Housing Authority.

Lois W. Davis, Asst. U.S. Atty., Philadelphia, PA, Elaine Romberg, Felix Baxter, Dept. of Justice, Civil Div., Washington, DC, for Jack Kemp, U.S. Dept. of Housing and Urban Development and the U.S.

Patrick K. O'Neill, Phila Solicitor's Office, John B. Day, Thomas J. Wamser, Deputy City Solicitor, Michael Mathers, Robert A. Sutton, City of Philadelphia, Law Dept., R. Matthew Pettigrew, Jr., Asst. City Solicitor, Philadelphia, PA, for City of Philadelphia.

Joseph B.G. Fay, Thomas M. Kittredge, Morgan Lewis & Bockius, James D. Pagliaro, Philadelphia, PA, Mary Morrissey Sullivan, Mark L. Sullivan, Sullivan, Sullivan & Pinta, Boston, MA, for Lead Industries Ass'n, Inc.

Jonathan F. Bloom, Bennett G. Picker, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, PA, Donald E. Scott, Timothy S. Hardy, John S. Walker, Kirkland & Ellis, Washington, DC, for NL Industries, Inc.

Robert C. Heim, Mary A. McLaughlin, Abigail R. Simkus, Dechert, Price & Rhoads, Philadelphia, PA, Otis Pratt Pearsall, Philip H. Curtis, William H. Voth, Arnold & Porter, New York City, Murray Garnick, Lawrence V. Stein, Arnold & Porter, Washington, DC, for Atlantic Richfield Co.

John P. Penders, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, Charles H. Moellenberg, Jr., Alan D. Chute, Jones, Day, Reavis & Pogue, Pittsburgh, PA, for Sherwin-Williams Co.

Michael K. Sullivan, Drinker, Biddle & Reath, Philadelphia, PA, G. Marc Whitehead, Michael T. Nilan, Scott A. Smith, Minneapolis, MN, for SCM Corp., Glidden Co.

Andre L. Dennis, Stradley, Ronon, Stevens & Young, Philadelphia, PA, Charles W. Siragusa, Wade R. Joyner, Crowley, Barrett & Karaba, Ltd., Chicago, IL, for Fuller-O'Brien Corp.

Mark Lynch, Norman L. Haase, Emily Morris Salmons, Dunn, Haase, Sullivan, Mallon, Cherner & Broadt, Media, PA, for St. Joe Minerals Corp.

Michael J. Sweeney, James R. Miller, Dickie, McCamey & Chilcote, P.C., Pittsburgh, PA, James D. Shomper, Jr., Gary N. Brown, Dupont Co., Wilmington, DE, for E.I. Dupont De Nemours & Co.

Thomas A. Kuzmick, Rawle & Henderson, Philadelphia, PA, for Carboline Co.

Paul F. Lantieri, Bennett, Bricklin & Saltzburg, Philadelphia, PA, Lawrence J. Gornick, James L. Miller, William A. Levin, Amy J. Levin, Brobeck, Phleger & Harrison, San Francisco, CA, for Devoe Coating Co.

Natalie Tull Greene, Thomas P. Grace, La Brum and Doak, Philadelphia, PA, Glenn M. Cooper, Ronald Dweck, Paley, Rothman, Goldstein, Rosenberg and Cooper, Bethesda, MD, for Duron, Inc.

Michael J. Sweeney, James R. Miller, Dickie, McCamey & Chilcote, for Pratt & Lambert, Inc.

Mitchell S. Pinsly, Philadelphia, PA, Rust-Oleum Corp., Xim Products, Inc.

Linda T. Jacobs, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, PA, Ameron, Inc.

William J. O'Brien, Conrad, O'Brien, Gellman & Rohn, P.C., Joanne R. Jenkins, Thompson & Pennell, Joseph R. Thompson, Philadelphia, PA, for Valspar Corp.

William J. O'Brien, Conrad, O'Brien, Gellman & Rohrn, P.C., Philadelphia, PA, for Courtalds Coatings, Inc.

Thomas B. York, Dept. of Public Welfare, Harrisburg, PA, for Regina Dunkinson, Bureau of Hosp. and Outpatient Programs.

### *MEMORANDUM*

GILES, District Judge.

Plaintiffs bring this action on behalf of their children against the Philadelphia Housing Authority (PHA), alleging a failure to

eliminate the danger of lead-based paint in housing owned or operated by the PHA. Specifically, plaintiffs allege that PHA violated § 1437 of the United States Housing Act of 1937, § 4801 of the Lead–Based Paint Poisoning Prevention Act, and several state laws. Plaintiffs, in their Second Amended Complaint also bring an action against the Pennsylvania Department of Health, Bureau of Hospital and Outpatient Programs, and Regina Dunkinson, individually and as Director of the Pennsylvania Department of Health, Bureau of Hospital and Outpatient Programs, for violations of the Early and Periodic Screening, Diagnosis and Treatment Program, 42 U.S.C. § 1396d(a)(4)(B).

Plaintiffs seek declaratory and injunctive relief requiring PHA "to fully and completely implement the United States Department of Housing and Urban Development Guidelines, and abate ... all hazards created by the presence [of lead paint] in plaintiffs' premises and/or provide funds to be made available to or on behalf of plaintiffs for the purpose of inspecting, testing, monitoring and abating lead paint hazards in plaintiffs' premises; screening, testing, diagnosing and treating plaintiffs exposed to lead paint in their home; and, educating plaintiffs about the hazards of exposure to lead paint." Second Amended Complaint, ¶ 110.

Plaintiffs have moved under Fed.R.Civ.P. 23 for certification of a class consisting of

1. all tenants or residents of any residential housing structure located within the geographical limits of the City of Philadelphia, Pennsylvania, which is owned and/or operated by the Philadelphia Housing Authority and

2. who are, or who have residing with them, minor children,

3. who are or were exposed to lead-based paint in their dwelling units.

For the following reasons, the court grants the plaintiffs' motion to the extent that it certifies the class as defined pursuant to Fed.R.Civ.P. 23(b)(2) only, and conditioned upon a showing, after discovery, that there does exist a policy generally applicable to all members of the class. The court grants the defendant's motion to strike that part of the

Second Amended Complaint which seeks the provision of funds.

## DISCUSSION

### Requirements of Rule 23

In order to certify a plaintiff class, the court must find that the plaintiffs have satisfied the following four prerequisites of Rules 23(a):

1. the class is so numerous that joinder of all members is impractical;

2. there are questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4. the representative parties will fairly and accurately protect the interests of the class.

If these four elements are satisfied, a class action may be maintained if the action falls within one of the three categories of Rule 23(b) of the Federal Rules of Civil Procedure. Plaintiffs assert that this class should be certified pursuant to Fed.R.Civ.P. 23(b)(1)(A) or Fed.R.Civ.P. 23(b)(2). The court finds that the plaintiff class satisfies the elements of a Rule 23(b)(2) class, only.

### 1. *Numerosity*

To satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Previous rulings on the numerosity issue give little guidance in deciding what number of plaintiffs is sufficiently "numerous" so as to be impractical for joinder. While some courts have certified as a class relatively small groups, *see, e.g., Manning v. Princeton Consumer Discount Co.,* 390 F.Supp. 320 (E.D.Pa.1975), *aff'd* 533 F.2d 102 (2nd Cir.1976) (class of Fourteen deemed impractical for joinder), others have refused to deem large numbers impractical for joinder. *See, e.g., Minersville Coal Co., v. Anthracite Export Ass'n,* 55 F.R.D. 426 (M.D.Pa.1971) (group of 330 plaintiffs not impractical for joinder). Moreover, "[t]he representatives of the proposed class need only show that it is extremely difficult or inconvenient to join all members of the class," not that it is impossible. *Sala*

*v. National R.R. Passenger Corp.,* 120 F.R.D. 494 (E.D.Pa.1988). Courts are thus called upon to use their common sense in determining whether a particular class of plaintiffs is too large to be joined or to be required to bring separate actions.

PHA argues that the plaintiff class cannot be certified because the representatives have not put forth any specific number of members in the class. They assert that, as such, the numerosity is "mere speculation" with no basis for an estimate and thus does not satisfy Fed.R.Civ.P. 23(a)(1). Defendant's Memorandum of Law In Opposition To Plaintiff's Motion For Class Certification at 43. However, the exact size of class need not be known so long as it can be shown that it is sufficiently large to meet the numerosity requirements. *National Ass'n of Radiation Survivors v. Walters,* 111 F.R.D. 595 (N.D.Cal.1986) (certifying a class which contained an unknown number between 6 and 233,000). In the instant case, plaintiffs have presented evidence that the class, while of an undetermined number as of yet, is impractical for joinder. As many as 200 families affected by lead paint exposure have already contacted the plaintiffs' lawyer. Monheit Aff. ¶ 2. PHA currently owns or operates over 23,000 housing units throughout Philadelphia, with more than 100,000 residents. Furthermore, a study by the Agency of Toxic Substances and Disease Registry indicates that as many as 221,000 children in the Philadelphia area have dangerously high levels of lead in their blood. These figures lead the court to conclude that although the exact number of members of the class is not yet known, it is likely to be substantial enough that joinder would be impractical.

### 2. *Commonality*

Federal Rule of Civil Procedure 23(a)(2) requires the plaintiffs to establish that there are questions of law or fact common to the class as a whole. The defendant PHA asserts that common questions do not predominate because, among other things, plaintiffs may have differing levels of exposure to lead and individual determinations will be required as to whether PHA failed to comply with local law or exercise due care in specific circumstances. However, "The threshold for commonality is not high and not all questions of law or fact raised need be common." *In re School Asbestos Litigation,* 789 F.2d 996, 1101 (3rd Cir.) *cert. denied,* 479 U.S. 915, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986); *Velez v. Kemp,* 1993 WL 45989, 1993 U.S.Dist. LEXIS 2115 (E.D.Pa.1993). As long as *one* common issue exists among the members of the class, the commonality requirement is met. *Id.,* 1993 WL 45989 at *5, 1993 U.S.Dist. LEXIS at *9.

Here, plaintiffs assert that the following common questions of law or fact exist:

(a) whether defendant PHA is liable for the dangerous condition in PHA housing resulting from the application of lead paint;

(b) the foreseeability of the dangers of lead paint in PHA housing;

(c) what abatement precautions were taken with respect to the lead paint in PHA housing;

(d) whether PHA is liable under 42 U.S.C. § 1983 for violations and/or non-compliance with USHA and/or LPPPA;

(e) whether PHA is liable to plaintiffs for breach of its contract with HUD;

(f) whether PHA ... [was] negligent in the creation of, and failure to abate, the lead paint hazards in PHA residences;

(g) whether PHA ... [was] negligent in failing to warn PHA residents of the dangers of lead paint in PHA residences; and

(h) whether the members of the class have been injured and, if so, what is the proper testing, medical monitoring, abatement and education procedure.

Plaintiffs' Revised Motion For Class Certification at 30. These questions are common to each class member, and as such more than satisfy Rule 23(a)(2).

### 3. *Typicality*

Plaintiffs assert that the representative plaintiffs' claims are typical of those of the rest of the class members, as required by Fed.R.Civ.P. 23(a)(3). Defendants argue, however, that the named plaintiffs have failed to demonstrate that PHA has "acted or refused to act in any manner or on any grounds generally applicable to the purport-

ed class," or that their injuries are typical of the class. Defendants' Memorandum Of Law In Opposition To Plaintiffs' Motion For Class Certification at 54.

▮ Questions of law and fact need not be identical, but merely need to arise out of the same legal or remedial theory. *Brown v. SEPTA,* C.A. Nos. 86–2229, 86–5886, slip op. at 10, 1987 WL 9273, *9 (E.D.Pa., April 8, 1987). As the court wrote in *Cumberland Farms v. Browning–Ferris Industries,* 120 F.R.D. 642 (E.D.Pa.1988), the typicality requirement "is generally met if the plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of the other class members and is based on the same legal theory." *Id.* at 646. Furthermore, typicality will not be defeated because of differences in the degree of injuries suffered by the plaintiffs and class members. The named plaintiffs are residents of PHA operated housing who allegedly have been injured by PHA's violation of federal lead paint statutes and the defendants' subsequent failure to abate the danger. They seek to represent other residents of PHA public housing facing similar dangers. Because the court finds that the class members' claims arise from the same alleged conditions and course of conduct, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4. *Adequate Representation*

▮ Rule 23(a)(4) has two requirements for representation of the class: (1) the representatives' attorneys must be qualified and experienced, and (2) the plaintiffs' interests cannot be antagonistic to those of the rest of the class. *Bogosian v. Gulf Oil Co.,* 561 F.2d 434, 449 (3rd Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). Here, defendants do not contest plaintiff counsels' competency. However, they do assert that the suggested members of the class have conflicting interests. For example, they argue that

> Some members of the purported class are no longer PHA tenants; others have already re-located or been re-located to PHA housing that contains no lead-based paint. Indeed, some PHA families with a child having an elevated blood level at or above the action level of 20 microgram per deciliter or higher, who have been offered alternative housing, have refused to move.

Defendant's Memorandum Of Law In Opposition Of Plaintiffs' Motion For Class Certification at 57. The defendant's suggestions of potential conflicts are purely speculative as to lack of interest or any conflict of interest in lead paint abatement affecting dwellings where class members have lived or now live. As such, they are inappropriate at the class certification level. *See, e.g., Alvarado Partners, LP v. Mehta,* 130 F.R.D. 673 (D.Colo. 1990); *Sheftelman v. Jones,* 667 F.Supp. 859 (N.D.Ga.1987).

### *Rule 23(b)(2) Certification*

Satisfaction of the four requirements under Rule 23(a) does not end the inquiry as to whether this litigation may be maintained as a class action. Plaintiffs must also demonstrate that the class falls within one of the classifications of Rule 23(b). The court finds that this class should be maintained under Rule 23(b)(2).

▮ Rule 23(b)(2) authorizes treatment of a class where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). The third circuit has held that

> in order to satisfy subsection (b)(2), plaintiffs must merely show that the interests of the class members are so like those of the individual representatives that injustice will not result from their being bound by such judgment in the subsequent application of principles of res judicata.

*Hassine v. Jeffes,* 846 F.2d 169, 179 (3rd Cir.1988); *see also Williams v. Philadelphia Housing Authority,* C.A. No. 92–7072, 1993 WL 246086 at *8, 1993 U.S.Dist. LEXIS 8826 at *25 (E.D.Pa. July 1, 1993). Plaintiffs allege in their Complaint a "common plan" or course of conduct by the defendant which gives rise to the plaintiffs' claims. Furthermore, the plaintiffs seek declaratory and injunctive relief in requiring PHA to "fully and completely implement the United States De-

partment of Housing and Urban Development Guidelines, and abate, according to the ... Guidelines, all hazards created by the presence [of lead paint] in plaintiffs' premises...." If plaintiffs can, upon discovery, demonstrate a policy or course of conduct generally applicable to all members of the class, then they have, in fact, met the requisites of Rule 23(b)(2).

■ Plaintiffs are not, however, entitled to seek the provision of funds—monetary damages, in effect—under Rule 23(b)(2). The third circuit has expressly denied certification under Rule 23(b)(2) where plaintiffs seek "mandatory injunctive relief in the form of certain remedial action and restitution for expenditures already incurred to ameliorate [lead paint] hazards." *In re School Asbestos Litigation, supra* at 1008. Thus, "when the requested relief relates exclusively or predominately to money damages," Rule 23(b)(2) certification is not appropriate. *Id.* (quoting the Advisory Committee notes accompanying Fed.R.Civ.P. 23(b)). Here, the damages request does not "predominate" but, rather, is presented as an alternative request. In order to certify the class based on the other, more appropriate relief, the court hereby strikes the allegation of the plaintiffs' Second Amended Complaint seeking compensatory damages in the form of a fund and certifies the class under Rule 23(b)(2) for declaratory and injunctive relief only.

■ This case is not appropriate for certification under Fed.R.Civ.P. 23(b)(1)(A). Rule 23(b)(1) provides:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
>> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>>
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class....

The Rule was designed to prevent possible adverse effects, either on the party opposing the class or on absent members of the class,

that might result if separate actions were brought. 7A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 1772 at 421 (2d ed. 1986). The dangers the subsections of this Rule were designed to prevent are not evident in this case. First, the class is being certified under Rule 23(b)(2), thereby eliminating the risk of separate actions being brought. Second, there is little danger of conflicting standards of conduct, since the standards to which PHA is being held "are prescribed by Congress or HUD and can be modified only through the legislative or rule making process." Defendant's Memorandum Of Law In Opposition To Plaintiffs' Motion For Class Certification at 71. *See also Johnson v. Gross*, 125 F.R.D. 169 (W.D.Okla.1989), *aff'd* 971 F.2d 1487 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993). Thus, certification under Rule 23(b)(1)(A) would be both unnecessary and inappropriate.

*CONCLUSION*

The court finds that the requirements of Rule 23 have been met and that the proposed class may be conditionally certified as currently defined, subject to the plaintiffs' taking discovery as to whether there exists a policy generally applicable to all members of the class.

An appropriate order follows.

ORDER

AND NOW, this 21st day of October, 1993, upon consideration of Plaintiffs' Revised Motion For Class Certification, it is hereby ORDERED that this action shall proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(2), for the purposes of injunctive and declaratory relief, conditional on plaintiffs' taking of discovery as to whether there exists a policy generally applicable to all class members.

The class shall be designated:

1. all tenants or residents of any residential housing structure located within the geographical limits of the City of Philadelphia, which is owned and/or operated by the Philadelphia Housing Authority, and

2. who are, or have residing with them, minor children, and

3. who are or were exposed to lead-based paint in their dwelling units.